United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rancho San Juan Opposition Coalition, et al., <br><br> Plaintiffs, <br> v. <br> Board of Supervisors of the County of Monterey, et al., <br><br> Defendants. | NO. C 06-02369 JW <br> Related Case: NO. C 06-02202 JW <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND STAYING ACTION** |

## I. INTRODUCTION

This is a lawsuit in which a citizens group seeks injunctive relief to compel the Monterey County Board of Supervisors to place a Referendum on the ballot for an election scheduled to be held on November 7, 2006. The Board of Supervisors has refused to place the Referendum on the ballot because of a determination that to do so would violate the federal Voting Rights Act. Due to the imminence of the election, Plaintiffs have moved the Court for a preliminary injunction.

As discussed below, because the law of the Circuit with respect to the applicability of the Voting Rights Act to voter initiated ballot measures is currently before the Ninth Circuit for review, the Motion for a Preliminary Injunction is DENIED and the ACTION STAYED.

## II. DISCUSSION

On November 7, 2005, the Monterey County Board of Supervisors (the "Board") passed Resolution No. 05-305, which sought to amend certain provisions of the Monterey County General

1 Plan, the Greater Salinas Area Land Use Plan, and the Rancho San Juan Area of Development
2 Concentration Development Guildelines and Principles.  (Plaintiffs' Memorandum of Law in
3 Support of Motion for Preliminary Injunction, hereafter, "Motion," at 1, Docket Item No. 15.)
4 Plaintiffs Rancho San Juan Opposition Coalition, Citizens for Responsible Growth, and Julie Engell
5 (collectively the "Rancho Plaintiffs") immediately began circulating the Referendum Against
6 Resolution No. 05-305 (the "Referendum").  The printed and circulated materials for the
7 Referendum were in English-only.

8 The Rancho Plaintiffs filed the Referendum with the Monterey County Registrar of Voters
9 on December 6, 2006.  (Id.)  The Board initially ordered that the Referendum measure be placed on
10 the June 6, 2006 ballot.  However, on March 28, 2006, the Board withdrew the Referendum measure
11 from the June ballot, citing the Ninth Circuit's decision in Padilla v. Lever, 429 F.3d 910 (9th Cir.
12 2005), *rehearing en banc granted*, 446 F.3d 922 (Apr. 20, 2006), and *opinion withdrawn*, 446 F.3d
13 963 (Apr. 28, 2006).  (Motion at 2.)

14 In response to the Board's withdrawal of the Referendum from the ballot, the Rancho
15 Plaintiffs filed this action requesting an injunction from this Court, compelling the Board of
16 Supervisors to submit the Referendum to the voters at the next regularly scheduled county election
17 on November 7, 2006.  (Motion at 23.)  Defendants oppose any change to the current status quo
18 absent a showing of irreparable harm and a likelihood of success on the merits.

19 The three-judge panel in Padilla had held that recall petitions must be circulated in multiple
20 languages under the federal Voting Rights Act of 1965.  Apparently, the Board reasoned that the
21 Voting Rights Act required that the Referendum petition involved in this case also be circulated in
22 multiple languages.  However, as the citation history of Padilla shows, the panel decision has been
23 vacated and the Padilla case is currently being review *en banc* by the Ninth Circuit.[1]  Thus, the law
24 of the Circuit is unsettled.

---

[1] In In Re  re County of Monterey Initiative Matter, prior to the Ninth Circuit's decision to grant a rehearing *en banc* in Padilla, this Court held that Padilla provides authority for applying Section 203 of the Voting Rights Act to initiative petitions.  (No. C 06-1607, Docket Item No. 26.) That decision is also currently on appeal before the Ninth Circuit.

2

### III. CONCLUSION

The Ninth Circuit's *en banc* review of the applicability of the Voting Rights Act to voter initiated ballot measures has unhinged the law upon which this Court would rely to decide the pending Motion for a Preliminary Injunction. The Court finds that, given the unsettled nature of the applicable law, Plaintiffs have not shown a likelihood of success on the merits. Accordingly, the Motion for a Preliminary Injunction is DENIED, without prejudice to being renewed under changed circumstances.

On its own motion, the Court orders all further proceedings in this case STAYED, pending the Circuit's *en banc* review of Padilla.

Unless the Court otherwise orders, the parties shall appear for a case management conference on **October 23, 2006 at 10 a.m.** Ten days prior to the conference, the parties shall file a joint statement advising the Court of the status of Padilla.

Dated: August 15, 2006

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ciaran Sullivan cosullivan@nossaman.com
Fredric D. Woocher fwoocher@strumwooch.com
Joaquin Guadalupe Avila avilaj@seattleu.edu
Leroy W. Blankenship blankenshipl@co.monterey.ca.us
Michael J. Strumwasser mstrumwasser@strumwooch.com
Stephen N. Roberts sroberts@nossaman.com

Dated: August 15, 2006                              Richard W. Wieking, Clerk

By:   /s/ JW Chambers
        **Albert "J" Younger**
        **Courtroom Deputy**